## No. 8960.

### German Ditch & Reservoir Company *v.* Platte Valley Irrigation Company et al.

1. Water Rights—*Priorities—Effect of Adjudication.* After the lapse of the statutory limitations the right decreed in an adjudication proceeding becomes absolute. A superior right by prescription, in derogation of the statutory provisions, is not to be asserted by one who had full opportunity to be heard in the statutory proceeding.

2. *Tributary Streams*, are not to be appropriated to the injury of a prior appropriator on the main stream.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

Mr. GEORGE S. REDD, Mr. EDWIN H. PARK, Mr. THOMAS H. GIBSON, for plaintiff in error.

Messrs. GOUDY, TWITCHELL & BURKHARDT, Mr. H. R. KAUS, Messrs SMITH, BROCK & FERGUSON, Mr. R. F. ARMSTRONG, for defendants in error.

Mr. Justice Bailey delivered the opinion of the court:

PLAINTIFF below, plaintiff in error here, brought suit against the principal appropriators and users of water for irrigation purposes in Water District No. 2, representative, as is alleged, of all such users, to quiet its purported title and right to the use, for irrigation purposes, of the waters of Big Dry Creek, in that district, and to enjoin defendants from in any manner interfering with its alleged right to such use. After issue joined defendants interposed a motion for judgment on the pleadings, which was granted, and plaintiff brings that judgment here for review.

The theory of plaintiff is that water rights in this state, being in the nature of real property, a suit to quiet title thereto, based upon prescription and adverse use, can properly be maintained. In a former suit, In re *German Ditch & Reservoir Company*, 56 Colo. 252, 139 Pac. 2, plaintiff in this action, together with other users of water from Big Dry Creek, had instituted adjudication proceedings to have priorities decreed to these waters, upon the theory that the creek was an independent source of supply, not a natural stream, and not tributary to the South Platte river. This court in that case, on review, held that the stream was a tributary to the river, and that the waters of that creek were subject to the priorities already adjudicated upon the river and its tributaries. In adjudication proceedings under the statute, in 1883, defendants were allowed priorities on the South Platte which will be

adversely affected if plaintiff be now awarded title to and a right of use, paramount to their rights, of the Big Dry Creek water as prayed.

It is definitely and firmly settled that the distribution and use of water in this state is subject to and controlled by the doctrine of appropriation. A statutory proceedings is provided for the determination of such right of use, the fundamental principle of which is that the one who is "First in time, is first in right." After the lapse of the two and four year periods of limitation prescribed by statute rights so decreed become absolute. It is plain, therefore, that the real question before us is whether water rights may be established by prescription and adverse use in derogation of those statutory provisions, by one who has had full opportunity to assert his right thereunder.

Plaintiff claims in substance that by prior possession and use of this water its right has become paramount to all others, junior or senior, decreed or otherwise. This is in effect a collateral attack upon a judgment long since made absolute by the statute of limitation.

In *Comstock v. Ramsay*, 55 Colo. 244, 133 Pac. 1107, an attempt was made to appropriate seepage and return water that was intercepted while on its way back to the South Platte river. The attempt was made on the theory that the water was entirely separate from the flow of the river, and therefore independent of all appropriations upon that stream. In this case it is also claimed that the waters of Big Dry Creek never have been permitted to reach the river, being intercepted and used by plaintiff without reference to adjudicated rights, and for this reason the claim of title by prescription is made. In In re *German Ditch Company, supra,* as heretofore indicated, it was held that Big Dry Creek is tributary to the South Platte river. In speaking of the law governing tributary waters in *Comstock v. Ramsay,* supra, this court, at page 255, said:

"There is no law anywhere to support the contention that if these waters are naturally tributary to the river, still they may be taken by a new claimant to the damage and

injury of prior appropriators upon that stream, simply because he captures and diverts them before they actually get into the river channel. If such act of capture and diversion can be upheld as lawful and proper, by the same reasoning a new claimant could divert the waters of a surface tributary, if he only be spry enough to capture and divert them before they actually reach and mingle with the waters of the main stream."

If the theory of plaintiff be upheld, then the right of any appropriator under any adjudication decree may be divested at any time by proceedings in equity, and the adjudication statutes upon which the rights of every priority holder in the state are based, may be nullified and adjudication decrees made mere scraps of paper. To quote again from *Comstock v. Ramsay, supra*, at page 254, it is said:

"To now permit one who has never had or claimed a right upon or from the river to come in, capture, divert and appropriate waters naturally tributary thereto, which are in fact nothing more or less than return and waste waters, and upon which the old decreed priorities have long depended for their supply, would be in effect to reverse the ancient doctrine of "First in time first in right," and to substitute therefor, fortunately as yet an unrecognized one, the principle, "Last in time first in right."

It may be true that any priority plaintiff can now obtain in the statutory proceedings will be junior to practically all other priorities on the river. That, however, is not the fault of other appropriators who have proceeded to have their rights adjudicated by law. The irrigation statutes were in force long before plaintiff began its alleged use of the waters of Big Dry Creek. Had the open and notorious use of such waters without protest for more than twenty years been for that length of time prior to the passage of the irrigation statute, there might be some ground upon which to base claim of title by prescription.

It is not the purpose of this opinion to declare that under no circumstances can the right to the use of water be established by prescription, this decision being strictly

limited to the facts of the specific case, and under them it is manifest that the use relied upon was in effect an illegal one, in derogation and deliberate defiance of the statute. On its theory of the case, plaintiff cannot predicate any right upon such use, as against those already having regularly decreed priorities on the South Platte river and its tributaries. A different rule would conflict with both the letter and spirit of the statute and place in peril every water right awarded under its provisions.

Since the cause is squarely determined on the proposition that plaintiff has no such cause of action as is relied upon, it is unnecessary to determine other questions raised, including the one as to whether proper parties defendant were before the court. The judgment of the trial court should be affirmed and it is so ordered.

Decision *en banc.*                    *Affirmed.*

Decided March 3, 1919; rehearing denied April 7, 1919.